# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALCIDE L. MOLLIERE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3748** |
| **STATE OF LOUISIANA** | **SECTION "I"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely .

**PROCEDURAL HISTORY** [1]

On March 13, 2007, petitioner, Alcide Molliere, a prisoner incarcerated in South Louisiana Correctional Center in Basile, Louisiana, pled guilty in the Thirty-Second Judicial District Court for the Parish of Terrebonne to the charge of sexual battery. On that same date, petitioner was sentenced to serve five (5) years at hard labor without benefit of parole, probation or suspension of sentence, with credit for time served. Thereafter, petitioner had thirty (30) days within which to file a motion for an appeal in connection with his conviction and sentence. *See* La. Code Crim. P. art. 914. Petitioner, however, made no effort to seek a direct appeal. As such, petitioner's conviction and sentence were rendered final on April 12, 2007, after the thirty (30) days available to lodge an appeal expired. *See State v. Francois*, 945 So.2d 865, 870-871 (La. App. 3 Cir. 12/13/06).

Petitioner filed no pleadings in the state courts seeking post-conviction relief in connection with his conviction and sentence. Instead, on May 19, 2008, petitioner filed

---

[1]Copies of the pleadings referenced in the court's discussion of petitioner's procedural history, along with the transcript of petitioner's March 13, 2007 guilty plea and sentencing, are contained in the State rec., vol. 1 of 1.

the instant federal habeas corpus application.² For the reasons which are set forth below, the court finds that the instant federal habeas corpus petition is untimely.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.³ *See* 28 U.S.C. § 2244(d)(1) (West 2009), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, because petitioner's time for seeking review expired April 12, 2007, his one-year limitation period commenced running on that date, giving him until April 12, 2008, to timely seek habeas corpus relief.

---

² This May 19, 2008 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

³The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

As noted above, petitioner filed the instant action over a month later, on May 19, 2008. Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted above, petitioner filed no applications "for State post-conviction or other collateral review" with regard to his sexual battery conviction and five-year sentence. Thus, at no time was there any tolling of petitioner's one-year time limit. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Alcide Molliere, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[4]

New Orleans, Louisiana, this __8th__ day of ____February____, 2010.

								/s/ Louis Moore, Jr.
								LOUIS MOORE, JR.
								United States Magistrate Judge

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.